Order filed August 31, 2012

 

                                                                       In The

                                                                              

  Eleventh
Court of Appeals

                                                                   __________

 

                                                         No. 11-11-00231-CR 

                                                    __________

 

                                       JOHN
POWELL, Appellant

 

                                                             V.

 

                                      STATE
OF TEXAS, Appellee



 

                              On
Appeal from the County Court at Law No. 2

 

                                                             Ector
County, Texas

 

                                                    Trial
Court Cause No. 10-4391

 



 

                                                                     O
R D E R

 

            On
August 2, 2011, the jury convicted appellant, John Powell, of the offense of
evading arrest and assessed his punishment at a fine of $300.  This appeal has
been unduly stalled due to the failure of appellant to file an appellate
brief.  The brief was originally due on February 13, 2012.  On February 15, appellant
filed his first pro se motion for an extension of time to file his brief, which
this court granted.  On March 19, appellant filed his second pro se motion for
extension, and the court granted appellant’s request to extend the due date to
April 23.  On April 26, appellant filed his third pro se motion for extension. 
In his third motion, appellant explained that he had retained an attorney but
that the attorney had failed to prepare a brief.  Appellant requested
additional time to hire another attorney to file the brief.  This court granted
the motion, extending the due date to May 23, and informed appellant of the
serious nature of the inordinate delay.  On May 23, this court received pro se
correspondence from appellant regarding the trouble with his retained
attorney.  We note that this court has not received any notice from an attorney
indicating that counsel has been retained by appellant to prosecute this
appeal.  This court granted a fourth extension of time to file the brief and
informed appellant that the brief, “either pro se or by an attorney,” was due
on or before June 22 and that we expected no further extensions.  We have not
heard from appellant since his May 23 correspondence, and no brief has been
filed.  Accordingly, we abate the appeal and remand the cause to the trial
court so that it may conduct a hearing pursuant to Tex. R. App. P. 38.8(b).  

The trial court is instructed to conduct a hearing to determine the
following:  

1.     
Whether appellant desires to prosecute his appeal; 

2.     
Whether appellant is indigent[1];


3.     
If not indigent, whether appellant has retained counsel; 

4.     
Whether retained counsel, if any, has abandoned the appeal; and

5.      Whether
appellant has made the necessary arrangements for filing a brief. 

The trial court
is directed to make appropriate findings and recommendations pursuant to Rule 38.8(b).
 The trial court clerk is directed to prepare and forward to this court a
supplemental clerk’s record containing the findings, recommendations, and any
orders of the trial court.  The court reporter is directed to prepare and
forward to this court the reporter’s record from the hearing.  The supplemental
records are due to be filed in this court on or before October 1, 2012.

            The
appeal is abated. 

 

                                                                                                            PER
CURIAM

 

August 31, 2012

Do not publish. 
See Tex. R. App. P.
47.2(b). 

Panel consists of: Wright, C.J.,

McCall, J., and Kalenak, J. 









[1]We note that the trial court has
previously determined that appellant is not indigent.